# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOSEPH KRIZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LYN HEAD, current member )<br>of the Alabama Board of )<br>Pardons and Paroles, in )<br>her official and )<br>individual capacities, )<br>et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>2:18cv731-MHT<br>(WO) |

**OPINION**

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this case seeking restoration of his parole review date. The defendants asked for permission to file a motion to dismiss this case as moot due to the plaintiff receiving the requested relief, that is, reinstatement to eligibility for parole consideration, as he was scheduled for parole consideration. *See* Notice from Parole Board (doc. no. 15-1). In plaintiff's response to an order that he

address (i) whether the defendants should be allowed to file a motion to dismiss, and (ii) the defendants' argument that this case is due to be dismissed as moot, the plaintiff states he "does agree with the defendants that plaintiff is now parole-eligible since the defendants ha[ve] removed the parole-bar from plaintiff. Plaintiff does agree that the plaintiff's issue of being parole barred is now moot before this court and this case be dismissed without prejudice." Response (doc. no 17) at 1. Pursuant to the order of the United States Magistrate Judge, the defendants then moved to dismiss on these grounds. The court concludes, based on the plaintiff's earlier response (doc. no. 17), that the motion to dismiss should be granted and the case dismissed without prejudice.

An appropriate judgment will be entered.

DONE, this the 4th day of January, 2019.

                                /s/ Myron H. Thompson  
                                **UNITED STATES DISTRICT JUDGE**